UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| _____ | : | |
| UNITED STATES OF AMERICA, | : | No. 2:07-cv-00223 |
| | : | |
| Respondent, | : | Honorable Janis Graham Jack, |
| | : | U.S.D.J. |
| -against- | : | |
| | : | **This is a Capital Case** |
| ALFRED BOURGEOIS, | : | |
| | : | Electronically Filed |
| Petitioner. | : | |
| _____ | : | |

**PETITIONER'S MOTION FOR OPPORTUNITY
TO FILE MEMORANDUM OF LAW IN SUPPORT
OF SECTION 2255 MOTION**

Petitioner, Alfred Bourgeois, hereby moves for an opportunity to file a memorandum of law in support of his previously filed *Motion for Relief Pursuant to 28 U.S.C. Section 2255 or in the Alternative Pursuant to 28 U.S.C. Section 2241* (hereafter, *2255 Motion*). In support of this *Motion*, he states the following.

1.      Petitioner is a federal prisoner who was sentenced to death in this Court under docket number Cr-C-02-216. His conviction and sentence were affirmed by the Court of Appeals. U.S. v. Bourgeois, 423 F.3d 501 (5th Cir. 2005).

2.      On May 14, Petitioner, through undersigned counsel, filed his *2255 Motion*. In his request for relief contained on page 129 of the *2255 Motion*, he requested that he be afforded 120 days in which to file a *Memorandum in Support*.

3.      Rules 4 and 5 of the RULES ON MOTION ATTACKING SENTENCE UNDER SECTION 2255 requires the Government to file a responsive pleading if ordered to do so by the Court. Petitioner

believes based upon the complexity and number of disputed issues of material fact, that the Court will and should require the Government to file a response.  Working on the assumption that the Government will be required to file a response, Petitioner believes that it would make more sense to permit him to file a *Memorandum of Law* setting forth the points and authorities that support his entitlement to relief on each claim.  In counsels' experience, it more efficient to permit a petitioner to file a legal memorandum to support his claims prior to having the Government file its responsive pleading, as such a memorandum tends to highlight the legal issues presented by the petition, and overall streamlines the litigation.

4.    In view of the complexity and number of issues raised in the *2255 Motion*, counsels' ongoing responsibilities in other capital post-conviction litigation and to accommodate summer vacation schedules, counsel request that they be provided 120 days (until September 28, 2007) to file this Memorandum.

5.    Undersigned counsel have communicated with Assistant United States Attorney, Tony R. Roberts regarding the Government's position with respect to this request.  Mr. Roberts indicates that the Government is opposed to the filing of a memorandum, however, in the event that Court grants the request, the Government is not opposed to the time requested by Petitioner to file it.  While the Government presumably will amplify its position in an answer to this *Motion*, Mr. Roberts indicates that the Government wishes to avoid "piecemeal" filings in death penalty cases, particularly when the proposed filing is to be made after the expiration of the one year statute of limitations.

6.    However, Petitioner is aware of no authority requiring legal memoranda to be filed within the one year limitations period contained in section 2255.  Indeed, the limitations period

contained in section 2255 by its terms applies only to a "motion" for relief.  Absent compelling authority to the contrary, this Court is obliged to give this term its plain meaning.[1]

7.    If the Court requires the Government to file an answer, but does not permit Petitioner the opportunity to file a supporting memoranda, then it would be in the unenviable position of having to decide a number of complex procedural and substantive issues without benefit of briefing.  On the other hand, if the Court wishes to hear from Petitioner on the legal issues, it would make more sense to permit Petitioner the opportunity to file his memorandum prior to the Government's response.

8.    Counsel would further suggest that the Court set a date for the Government to respond to the *2255 Motion* and *Supporting Memorandum*.  Once the Government has filed its responsive pleadings, Petitioner should be afforded the opportunity to file a reply, as envisioned by Rule 5d, RULES ON MOTION ATTACKING SENTENCE UNDER SECTION 2255.  Petitioner would request that the he be afforded 60 days following the filing of the Government's responsive pleading for him to file his *Reply*.

9.    Finally, Petitioner submits that it might make sense to convene the parties for a scheduling conference to work out these issues, and other issues such as additional motions Petitioner may wish to file (e.g. discovery, motion for evidentiary hearing).  Absent such a

---

[1]Even if the Government was correct that a supporting memorandum is governed by the limitations period, it would still be timely if it related back to the issues addressed in the Petition. In Mayle v. Felix, 545 U.S. 644 (2005) the Court held that a timely section 2254 petition could be amended after the expiration of the limitations period, so long as the amendments "relate back" to the claims in the initial timely petition. Since Petitioner only wishes to discuss the points and authorities supporting his already pled claims, obviously this discussion would relate back to those claims, and the memoranda would be timely and proper.

scheduling conference, or order, Petitioner will continue to move ahead in preparing additional

motions as he deems appropriate.

Respectfully Submitted,

s/    Michael Wiseman
_____
Michael Wiseman, Esq.*
Supervisory Assistant Federal Defender
Victor Abreu, Esq.*
James McHugh, Esq.
Assistant Federal Defenders
Elizabeth Larin, Esq.
Research and Writing Specialist
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

*Co-Counsel of Record for Petitioner Alfred Bourgeois

Dated: Philadelphia, Pennsylvania
       June 4, 2007

## CERTIFICATE OF SERVICE

I, Michael Wiseman, Esq., hereby certify that on this 4th day day of June, 2007, I caused the foregoing to be served upon the following person by United States Mail, First Class Postage prepaid, by e-filing and e-mail:

| | | |
|---|---|---|
| Patricia Hubert Booth | Tony R. Roberts | James L. Turner |
| United States Attorney's Office | United States Attorney's Office | United States Attorney's Office |
| 800 North Shoreline, Suite 500 | PO Box 61129 | PO Box 61129 |
| Corpus Christi, TX 78401 | Houston, TX 77208-1129 | Houston, TX 77208-129 |
| Patti.Booth@usdoj.gov | Tony.Roberts@usdoj.gov | jim.turner@usdoj.gov |

/s/ Michael Wiseman
_____
Michael Wiseman

4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

_____

UNITED STATES OF AMERICA,     :     No. 2:07-cv-00223

    : 

          Respondent,     :     Honorable Janis Graham Jack,

    :     U.S.D.J.

         -against-     : 

    :     **This is a Capital Case**

ALFRED BOURGEOIS,     : 

    : 

          Petitioner.     : 

_____     : 

**ORDER**

AND NOW, this ___ day of _____, 2007 upon consideration of Petitioner's *Motion for Opportunity to File Memorandum of Law in Support of Section 2255 Motion*, it is hereby ORDERED:

Petitioner's Motion is GRANTED.

Petitioner shall file a memorandum in support of his *2255 Motion* on or before September 28, 2007;

The Government shall file its responsive pleading and memorandum on or before _____;

Petitioner shall file a reply within 60 days of the date that the Government files its responsive pleading and memorandum.

_____
Janis Graham Jack, U.S.D.J.