UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFRED BOURGEOIS | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 2:07-CV-223 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM AND ORDER**

In 2004, a jury found Alfred Bourgeois guilty of murdering his two-year-old daughter. The jury returned a verdict of death. After the Fifth Circuit upheld the conviction and sentence on direct appeal, Bourgeois filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C.A. § 2255. Bourgeois' 2255 motion raised fifteen claims, including that he was intellectually disabled,[1] and thus exempt from execution, under *Atkins v. Virginia*, 536 U.S. 304 (2002). The Court held an evidentiary hearing in which expert and lay witnesses gave testimony relating to his *Atkins* claim. The Court denied Bourgeois' 2255 motion in a lengthy Memorandum and Order which included substantial discussion of the *Atkins* issue. (*United States v. Bourgeois*, C-02-CR-216, DE 660 at 42-95). Bourgeois did not seek appellate review of the denial of his *Atkins* claim.

On March 27, 2018, Bourgeois filed a Second Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. (DE 10). Soon thereafter, Bourgeois also filed a motion in the Court of Appeals for the Fifth Circuit seeking leave to proceed in a successive 2255 action. *In re: Alfred Bourgeois*, No. 18-40270. Bourgeois bases his second motion on *Moore v. Texas*, 137 S. Ct. 1039 (2017), which rejected Texas' approach to *Atkins* claims. Bourgeois argues that this

---

[1] "The term 'intellectual disability' has replaced the term 'mental retardation.'" *In re Cathey*, 857 F.3d 221, 223 (5th Cir. 2017) (citing *Brumfield v. Cain*, — U.S. —, 135 S.Ct. 2269, 2274 n.1 (2015)).

Court's rejection of his *Atkins* claim relied on Fifth Circuit jurisprudence that followed the Texas approach criticized in *Moore*.

The Anti-Terrorism and Effect Death Penalty Act ("AEDPA") strongly discourages inmates from filing more than one section 2255 motion. *See* 28 U.S.C. § 2255(h). Bourgeois concedes that he "applies to file a second or successive motion under § 2255(h)(2)." (DE 10 at 2). Section 2254(h) places authority in the circuit, not district, court to decide whether successive proceedings are appropriate. 28 U.S.C. § 2255(h).

On August 23, 2018, the Fifth Circuit denied Bourgeois' motion to proceed in a successive section 2255 action. *In re: Alfred Bourgeois*, No. 18-49279, 2018 WL 4042625 (5th Cir. Aug. 23, 2018). Because the Fifth Circuit did not authorize successive section 2255 proceedings in this case, the Court lacks jurisdiction to entertain Bourgeois' second section 2255 motion. The Court, therefore, **DISMISSES** Bourgeois' second section 2255 motion **WITHOUT PREJUDICE**.

SIGNED and ORDERED this 27th day of August, 2018.

_____
Janis Graham Jack
Senior United States District Judge